UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEROME WHITE, | ) | 1:11-cv-00047-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER |
| | ) | |
| vs. | ) | ORDER FINDING COGNIZABLE CLAIMS |
| | ) | (Doc. 14.) (Resolves Doc. 15.) |
| DR. PATEL, et al., | ) | |
| | ) | ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

**I.   BACKGROUND**

Jerome White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 11, 2011. (Doc. 1.) On March 12, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 14.)

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

1

or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.     SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue occurred at Kern Valley State Prison ("KVSP") in Delano, California, and the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, when Plaintiff was incarcerated at those facilities. Plaintiff names as defendants Dr. Patel, Dr. Chen, Dr. Ramon, and M. Thompson RN (collectively "Defendants"). Plaintiff's factual allegations follow.

On March 17, 2009, Plaintiff suffered a severe facial fracture and was transported to an outside hospital where he underwent reconstructive surgery on March 19, 2009. Plaintiff was discharged on March 20, 2009, with prescriptions for medication. The transporting correctional officers were dispensed forty-five Vicodin and twenty Clindamycin by O. Raz at Kern Medical Center.

When Plaintiff returned to KVSP, he was seen by Nurse Thompson who examined him and informed him that he would not be receiving Vicodin and would instead be prescribed Tylenol 3 with Codeine. Plaintiff informed Thompson that he is allergic to Codeine, and Thompson reviewed Plaintiff's medical file and the prescription from the hospital, crossed out the information about Plaintiff's allergy, and prescribed Tylenol 3 with Codeine for Plaintiff, which he could not take. As a result, Plaintiff was forced to suffer extreme pain unnecessarily.

On March 20, 2009, Plaintiff was seen by Dr. Patel for post care treatment. Plaintiff requested a prescription change due to his potentially fatal allergy to Codeine. Dr. Patel ordered Nurse Thompson to "cross out the allergy to Codeine and fax the order to the pharmacy." First Amended Complaint, Doc. 14 at 7-8. Plaintiff pleaded with Dr. Patel to review Plaintiff's medical file and the medical order from the plastic surgeon, but Dr. Patel told him, "I'm the doctor, you're the inmate, let me do my job. You will take Tylenol 3 with Codeine or nothing." Id. at 8:7-8. Dr. Patel instructed the escorting officers to take Plaintiff back to his cell. Plaintiff refused to take the Codeine and suffered five days of excruciating pain. On several days, Plaintiff was unable to eat due to the pain. The plastic surgeon's prescription for a soft diet was disregarded, and Plaintiff only consumed liquids for five days.

By March 26, 2009, Plaintiff was unable to stand the pain and took the medication with Codeine. Plaintiff suffered an allergic reaction, consisting of vomiting, difficulty breathing due to swelling of his throat, and vision loss. Plaintiff was transported back to Kern Medical Center for treatment.

On March 27, 2009, Plaintiff returned to KVSP where he was seen by Dr. C. Chen for follow up care. Plaintiff was informed that the Tylenol 3 with Codeine prescription was cancelled at the pharmacy due to Plaintiff's noted allergy. Plaintiff requested another pain medication but Dr. Chen refused, stating, "You are not allergic to no medications, I don't care what your file says. You will take Codeine or nothing." Id. at 9:14-16. Dr. Chen wrote another prescription for Tylenol 3 with Codeine, which was again cancelled due to Plaintiff's noted allergy. Plaintiff suffered immense pain for approximately thirteen months and lost a large amount of weight.

On April 25, 2009, Plaintiff was transferred to SATF and was examined by Jane Doe RN (not a defendant). The RN noted Plaintiff's report of pain and contacted Dr. Ramon, informing him of the

extent of injury and Plaintiff's pain. The RN brought to Dr. Ramon's attention that there was an order in Plaintiff's file for Vicodin. The RN requested that Dr. Ramon examine Plaintiff and prescribe a pain medication, based on medical date, Plaintiff's numerous stitches, and Plaintiff's pain upon examination. Dr. Ramon refused to examine Plaintiff and ordered aspirin. Plaintiff suffered pain which caused him emotional, mental, and physical anguish.

Plaintiff requests monetary damages, costs of suit, and declaratory and injunctive relief.

## IV.   PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

///

4

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

///

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

The Court finds that Plaintiff states cognizable claims for inadequate medical care under the Eighth Amendment against defendants Patel, Chen, Ramon, and Thompson.

## IV.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint states cognizable claims for relief against defendants Patel, Chen, Ramon, and Thompson.  Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002);  Iqbal 556 U.S. at 678-79.

Accordingly, it is HEREBY ORDERED that:

1.  Service is appropriate for the following defendants:

    **DR. PATEL**

    **DR. CHEN**

    **DR. RAMON**

    **M. THOMPSON, RN**

2.  The Clerk of the Court shall send plaintiff four (4) USM-285 forms, four (4) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint filed on March 12, 2012 (Doc. 14).

3.  Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.  Completed summons;

    b.  One completed USM-285 form for each defendant listed above; and

///

    c. Five (5) copies of the endorsed First Amended Complaint filed on March 12, 2012.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:** <u>February 28, 2013</u>    <u> /s/ **Gary S. Austin** </u>
                     UNITED STATES MAGISTRATE JUDGE

7