UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WHITE,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATEL, et al.,<br><br>        Defendants. | 1:11-cv-00047-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND/OR MOTION FOR STAY<br>(Doc. 22.)<br><br>ORDER DENYING REQUEST FOR TELECONFERENCE<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS<br><br>DEADLINE FOR PLAINTIFF TO FILE OPPOSITION TO MOTION TO DISMISS: **NOVEMBER 4, 2013** |

**I.    BACKGROUND**

Jerome White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 11, 2011. (Doc. 1.)  This case now proceeds on the First Amended Complaint, filed by Plaintiff on March 12, 2012, against defendants Chen, Patel, Ramon, and Thompson, for inadequate medical care under the Eighth Amendment.  (Doc. 14.)

On August 22, 2013, defendants Chen and Patel filed a motion to dismiss this action for failure to exhaust administrative remedies.  (Doc. 26.)  On September 5, 2013, Plaintiff filed a

motion for appointment of counsel and/or motion for stay, and a request for a telephonic conference. (Doc. 27.)

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel because on July 11, 2013, he was admitted to a state hospital for mentally disabled inmates, where an adequate law library is not provided.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have filed a motion to dismiss for failure to exhaust remedies, which is pending. This issue is not complex, and based on the record in this action, it appears that Plaintiff is able to adequately articulate his claims and respond to court orders. Id. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## II.     MOTION FOR STAY OF PROCEEDINGS

In the alternative, Plaintiff requests a stay of the proceedings in this action until after he has been discharged from the mental health program.

The Court does not lightly stay litigation, due to the possibility of prejudice to defendants. Although the Court recognizes that Plaintiff is challenged by his health concerns

and hospitalization, Plaintiff's only remedy is not a stay of this action. In the alternative, Plaintiff shall be granted an extension of time to respond to the motion to dismiss. Plaintiff claims that he has documentation showing he exhausted his remedies, and he expects to receive postal materials within the next twenty-one days. Research at the law library should not be necessary to respond to the motion to dismiss. Therefore, good cause appearing, Plaintiff shall be granted an extension of time in which to file an opposition to the motion to dismiss. Should Plaintiff require a further extension of time, he should file a motion before the current deadline expires. Thus, Plaintiff's motion for stay shall be denied.

### III.     REQUEST FOR TELECONFERENCE

Plaintiff requests the court to schedule a teleconference with all of the parties to this action, to discuss his present situation and find a solution. The court finds no good cause to schedule a conference at this juncture. By this order, Plaintiff's immediate need for an extension of time in this action has been resolved. Therefore, Plaintiff's request for a teleconference shall be denied.

### IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED;
2. Plaintiff's motion for stay of the proceeding in this action is DENIED;
3. Plaintiff's request for a teleconference is DENIED; and
4. Plaintiff is granted an extension of time **until November 4, 2013**, to file an opposition to defendants' motion to dismiss of August 22, 2013.

IT IS SO ORDERED.

Dated:   **September 15, 2013**                      **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE