UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WHITE,<br><br>       Plaintiff,<br><br>  vs.<br><br>PATEL, et al.,<br><br>       Defendants. | 1:11-cv-00047-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT DEFENDANTS CHEN AND PATEL'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br>(Doc. 26.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. BACKGROUND

Jerome White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 11, 2011. (Doc. 1.) This action now proceeds with Plaintiff's First Amended Complaint filed on March 12, 2012, against defendants Dr. Chen, Dr. Patel, Dr. Ramon, and M. Thompson, RN, for inadequate medical care under the Eighth Amendment. (Doc. 14.)

On August 22, 2013, defendants Chen and Patel ("Defendants") filed a motion to dismiss for failure to exhaust administrative remedies. (Doc. 26.) On September 18, 2013, Plaintiff filed an opposition to the motion. (Doc. 29.)[1] On September 25, 2013, Defendants

---

[1] Defendants provided Plaintiff with notice of the requirements for opposing an unenumerated Rule 12(b) motion on August 22, 2013 when they filed the motion to dismiss. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 26-1.)

filed a reply to the opposition. (Doc. 30.) Defendants' motion to dismiss is now before the court.

## II.     PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff is presently incarcerated at the California Health Care Facility in Stockton, California. The events at issue occurred at Kern Valley State Prison ("KVSP") in Delano, California, and the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, when Plaintiff was incarcerated at those facilities in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Dr. Patel, Dr. Chen, Dr. Ramon, and M. Thompson, RN. Plaintiff's factual allegations follow.

On March 17, 2009, Plaintiff suffered a severe facial fracture and was transported to an outside hospital where he underwent reconstructive surgery on March 19, 2009. Plaintiff was discharged on March 20, 2009, with prescriptions for medication. The transporting correctional officers were dispensed forty-five Vicodin and twenty Clindamycin by O. Raz at Kern Medical Center.

When Plaintiff returned to KVSP, he was seen by Nurse Thompson who examined him and informed him that he would not be receiving Vicodin and would instead be prescribed Tylenol 3 with Codeine. Plaintiff informed Thompson that he is allergic to Codeine, and Thompson reviewed Plaintiff's medical file and the prescription from the hospital, crossed out the information about Plaintiff's allergy, and prescribed Tylenol 3 with Codeine for Plaintiff, which he could not take. As a result, Plaintiff was forced to suffer extreme pain unnecessarily.

On March 20, 2009, Plaintiff was seen by Dr. Patel for post care treatment. Plaintiff requested a prescription change due to his potentially fatal allergy to Codeine. Dr. Patel ordered Nurse Thompson to "cross out the allergy to Codeine and fax the order to the pharmacy." First Amended Complaint, Doc. 14 at 7-8. Plaintiff pleaded with Dr. Patel to review Plaintiff's medical file and the medical order from the plastic surgeon, but Dr. Patel told him, "I'm the doctor, you're the inmate, let me do my job. You will take Tylenol 3 with Codeine or nothing." Id. at 8:7-8. Dr. Patel instructed the escorting officers to take Plaintiff back to his cell. Plaintiff refused to take the Codeine and suffered five days of excruciating

pain. On several days Plaintiff was unable to eat due to the pain. The plastic surgeon's prescription for a soft diet was disregarded, and Plaintiff only consumed liquids for five days.

By March 26, 2009, Plaintiff was unable to stand the pain and took the medication with Codeine. Plaintiff suffered an allergic reaction, consisting of vomiting, difficulty breathing due to swelling of his throat, and vision loss. Plaintiff was transported back to Kern Medical Center for treatment.

On March 27, 2009, Plaintiff returned to KVSP where he was seen by Dr. C. Chen for follow up care. Plaintiff was informed that the Tylenol 3 with Codeine prescription was cancelled at the pharmacy due to Plaintiff's noted allergy. Plaintiff requested another pain medication but Dr. Chen refused, stating, "You are not allergic to no medications, I don't care what your file says. You will take Codeine or nothing." Id. at 9:14-16. Dr. Chen wrote another prescription for Tylenol 3 with Codeine, which was again cancelled due to Plaintiff's noted allergy. Plaintiff suffered immense pain for approximately thirteen months and lost a large amount of weight.

On April 25, 2009, Plaintiff was transferred to SATF and was examined by Jane Doe RN (not a defendant). The RN noted Plaintiff's report of pain and contacted Dr. Ramon, informing him of the extent of injury and Plaintiff's pain. The RN brought to Dr. Ramon's attention that there was an order in Plaintiff's file for Vicodin. The RN requested that Dr. Ramon examine Plaintiff and prescribe a pain medication based on medical data, Plaintiff's numerous stitches, and Plaintiff's pain upon examination. Dr. Ramon refused to examine Plaintiff and ordered aspirin. Plaintiff suffered pain which caused him emotional, mental, and physical anguish.

**Eighth Amendment Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive

risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

### III. MOTION TO DISMISS FOR FAILURE TO EXHAUST

#### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the CDCR has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). In 2009, prisoners were required to submit appeals within fifteen working days of the event being appealed, and the

process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### B. Defendants' Motion

Defendants Chen and Patel move to dismiss this action on the ground that Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against them. Defendants argue that between March 1, 2009 and January 11, 2011, the date Plaintiff filed this lawsuit, Plaintiff had only a single medical appeal accepted for review based on incidents occurring at KVSP. (Declaration of K. Farquhar ("Farquhar Decl."), Doc. 26-3 at ¶¶3-4.) In the appeal, Plaintiff requested to be prescribed proper pain medication and to have an eye appointment scheduled. (Exh. A to Farquhar Decl., Doc. 26-3 at 5.) Plaintiff claimed he had not been issued any pain medication since March 27, 2009. (Id. at 7.) Plaintiff did not mention his allergy to Codeine or his allegations against Dr. Chen and Dr. Patel. (Id.) The appeal was partially granted at the informal level, but Plaintiff failed to pursue the grievance any further. (Exh. B to Declaration of L.D. Zamora ("Zamora Decl."), Doc. 26-4 at 7.) Defendants also argue that Plaintiff had no medical appeals accepted for review at the third level that arose from incidents occurring at KVSP. (Zamora Decl., Doc. 26-4 at ¶5.)

### C. Plaintiff's Opposition

The Court looks to Plaintiff's opposition filed on September 18, 2013 and Plaintiff's two complaints filed on January 11, 2011 and March 12, 2012.[2]  (Docs. 1, 14.)

Plaintiff argues that he exhausted his administrative remedies with Appeal No. SATF-

---

[2] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Complaint and First Amended Complaint under penalty of perjury. (Doc. 1 at 10; Doc. 14 at 3.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits.

33-09-13831 which was received on June 26, 2009 at the Informal Level and closed at the Third Level of review on January 5, 2011.[3] (Exhs. to Opp'n, Doc. 29 at 11, 41.) Plaintiff argues that this appeal arose from the incidents occurring at KVSP and directly addresses the issues in this case.

Plaintiff also argues that this case should not be dismissed based on his non-exhaustion of the appeal he submitted at KVSP on April 1, 2009. Plaintiff asserts that because he was transferred to SATF in April 2009, he never received the May 15, 2009 response to the appeal and this is the reason he filed numerous appeals relating to this issue.

### D. Defendants' Reply

Defendants argue that the appeal Plaintiff submitted at KVSP, even if exhausted, was insufficient to place defendants Chen and Patel on notice of his claims against them. Defendants assert that the appeal does not mention Plaintiff's alleged allergy to Codeine or that he was prescribed medication with Codeine despite informing Defendants of this allergy. (Doc. 26 at Exh. A.) Defendants also argue that while Plaintiff claims he never received notice of the informal decision of this appeal, he now admits that he knows a decision regarding his appeal was made on or about May 15, 2009 (Doc. 29 at 2:16-20), and yet he failed to take further action to pursue the appeal and does not claim that prison officials prevented him from doing so.

Defendants also argue that the appeal Plaintiff submitted at SATF did not serve to properly exhaust his administrative remedies, because the grievance was filed three months after the incidents at issue, which is far beyond the fifteen-working-day deadline under Title 15. Defendants also argue that because Plaintiff did not seek any action in the appeal regarding Defendants or their alleged conduct, the incidents at KVSP were not at issue in this grievance, and therefore the grievance cannot serve to exhaust Plaintiff's claims against Defendants.

///

///

---

[3] However, in the original Complaint, Plaintiff asserts that this appeal is "in the Third Level of review" and is "being held as a means to prevent" the filing of this action. (Doc. 1 at 8 ¶IV.)

## IV.     DISCUSSION

This case now proceeds, in part, on Plaintiff's medical claims against defendants Dr. Chen and Dr. Patel, based on Plaintiff's allegations that these Defendants knew that he was allergic to Codeine and yet refused to prescribe a medication other than one containing Codeine to alleviate Plaintiff's severe pain, resulting in a serious allergic reaction, continuing pain, and loss of weight. (First Amd Cmp, Doc. 14 at 7-9 ¶¶9-14.)  Plaintiff alleges that he met with Dr. Patel on March 20, 2009, and with Dr. Chen on March 27, 2009.  (Id. at ¶¶9, 12.)

At question are two appeals submitted by Plaintiff, one at KVSP and one at SATF.

### A.     KVSP Appeal

Evidence shows that Plaintiff failed to complete the appeals process for the KVSP appeal.  Plaintiff submitted the appeal at the Informal Level at KVSP on April 1, 2009, where it was partially granted on May 8, 2009 and returned to Plaintiff on May 15, 2009, and thereafter Plaintiff failed to submit an appeal to the next level of review.  (Doc. 26-3, Defts' Exhs. at 5-8.)  However, the mere absence of exhaustion does not entitle Defendants to dismissal of this action.  See Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available").  As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The next question is whether Plaintiff exhausted all of the remedies that were made available to him.

Plaintiff asserts that he never received the May 8, 2009 response to the KVSP appeal after he was transferred from KVSP to SATF in April 2009.  Although Plaintiff acknowledges he *now* knows the response was mailed to him on March 15, 2009, Defendants offer no evidence that the response was sent to Plaintiff at SATF or that he ever received it except as an exhibit to Defendants' motion to dismiss.  In fact, Plaintiff indicates that he believed the appeal had been closed at KVSP, prompting him to file a new appeal at SATF.

The Ninth Circuit has clarified that improper screening of an inmate's grievances renders administrative remedies "effectively unavailable" such that exhaustion is not required under the PLRA. Sapp v. Kimbrell, 623 F.3d 813, 826-27 (9th Cir. 2010). Delay in responding to a grievance may demonstrate that no administrative process is in fact available. Brown, 422 F.3d at 942-43. The PLRA does not require exhaustion when circumstances render administrative remedies effectively unavailable. Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2013).

Defendants have argued that the administrative process was available but Plaintiff failed to use it. However, there is no evidence before the court showing that Plaintiff was ever mailed, or received a response to his Informal Level appeal at SATF. If Plaintiff never received the response, it is irrelevant that the Informal Level Response notified Plaintiff of his option to appeal it. If officials at KVSP never sent their response to Plaintiff at SATF, the prison failed to properly inform Plaintiff of his deadline for appealing the decision, making the process unavailable to Plaintiff.

The Ninth Circuit uses a two-step approach in Sapp to demonstrate improper screening which renders administrative remedies "effectively unavailable." Sapp, 623 F.3d at 823. Under Sapp, "[t]he inmate must establish (1) that he actually submitted a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 824. Thus, even if the process was not available to Plaintiff at KVSP because he did not receive KVSP's response, under Sapp the court must determine whether Plaintiff's KVSP grievance would have sufficed to exhaust his claims in the complaint if it had been pursued through all levels of administrative appeals.

In the KVSP appeal, Plaintiff reported that his scheduled appointments to see the eye specialist had been cancelled, and he had been without pain medication since 3-27-09. Plaintiff's description of his problem reads as follows, in its entirety:

> "On 3-19-09 I received plastic surgery were (*sic*) the doctor put 5 plates in my face. For pain he prescribed Codine (*sic*). Shortly after he also told me to return approx 3-23-09. But transportation did not transport me. Therefore I was rescheduled again for 3-24-09 but was not taken once again. On 3-25-09 I man downed & went to KMC where I was told to come back on 3-31-09 to get my stitches removed & 4-1-09 to see a (*sic*) eye specialist. At this point in time 4-1-09 approx 2:00pm I still have not been to either appointment nor have I been issued any pain medication since 3-27-09. I've been in excruciating pain since 3-27-09. It is clear that the doctors in KVSP & transportation staff are neglecting my rights to proper medical treatment as stated in the CDC Title 15 3352.2 (*illegible*) 3354. The treatment I've been receiving from KVSP is inhumane & against the law. With this in mind I ask to be seen immediate[ly] by a doctor & be given proper pain medication. I also ask to have my appointment with the eye specialist rescheduled & upheld."

(Exh. To Motion, Doc. 26-3 at 5, 7.) As Defendants have argued, Plaintiff did not mention his allergy to Codeine or allege that his doctors had refused to prescribe him pain medication without Codeine. The sparse information given by Plaintiff in the grievance would not have placed prison officials on notice of the allegations against defendants Chen and Patel which Plaintiff brought in this § 1983 action. The primary purpose of a grievance is to notify the prison of a problem, and a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures." <u>Griffin</u>, 557 F.3d at 1120-21. Therefore, the court finds that Plaintiff failed to exhaust his remedies for the claims against defendants Chen and Patel with the KVSP grievance.

  **B.**  <u>**SATF Appeal**</u>

  Plaintiff submitted an appeal at SATF on June 23, 2009, Appeal No. SATF-33-09-13831, in which he alleged, in part, that:

> "[S]hortly after my discharge from Kern Medical Center on 3/20/09, I was return[ed] to KVSP B-3-Ad-Seg, at this point in time I was informed by the M.D. that was on duty that out of the 3 medications the [plastic surgeon] ordered to relieve this pain, I would only be receiving 1 of them. This medication would be Acetaminophen3 w/Codine (*sic*). I informed this M.D. that I was allergic to Codine (*sic*), I was told it would be "Codine or nothing"! For 2 weeks I was forced to take this medication even though it made me sick to my stomach, my throat swell up, or be in severe pain. Finally the pharmacy saw this allergy & refused to renew this order. From that point in time untill (*sic*) I was transferred to CSATF on 4-21-09 I was without pain medication. At this point in time, I once again tried to obtain medical relief . . ."

(Doc. 29 at 43.) Plaintiff requested as action that he "be given proper pain medication & medication to releive (*sic*) nerve pain & damage, also have case seen by Pain Management Commity (sic). Have appeal logged so I can start my law suit on these doctors." (<u>Id.</u> at 41 ¶B.)

Defendants' argument that the SATF appeal cannot serve to exhaust Plaintiff's claims against Defendants because Plaintiff did not seek any action regarding Defendants or their alleged conduct is unavailing. The excerpt above demonstrates that the incidents at KVSP were at issue in the SATF grievance, and that the grievance placed prison officials on notice that Plaintiff's allergy to Codeine was known and disregarded by medical staff at KVSP, and that Plaintiff had been left without any pain medication. The fact that Plaintiff requested to have his "appeal logged in so I can start my law suit on these doctors" and specifically mentioned Dr. Chen at KVSP demonstrates that Plaintiff intended to use the appeal to exhaust remedies for claims arising at KVSP before he was transferred. Plaintiff completed the appeals process at SATF and received a response at the final, Third or Director's Level of review on January 5, 2011, prior to the date he filed suit on January 11, 2011. (Exh. to Opp'n, Doc. 29 at 11.)

Defendants argue that Plaintiff's SATF appeal, although exhausted through the Director's Level of review, did not serve to exhaust Plaintiff's remedies because he did not comply with CDCR's requirement that appeals be submitted within 15 working days of the date of the event being appealed. Since the incidents at issue with defendants Patel and Chen occurred on March 20, 2009 and March 27, 2009, Plaintiff's appeal, submitted on June 23, 2009, was submitted long after the 15-day deadline expired.

However, there is an exception to the PLRA's requirement that a prisoner must meticulously follow established prison grievance procedures. While proper exhaustion requires that an inmate comply with the prison's deadlines and other procedural rules, or else risk losing the right to sue on the unexhausted claim in federal court, Woodford, 548 U.S. at 91, courts have uniformly held that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir. 2012) (citing Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011); Reed-Bey v. Pramstaller, 603 F.3d 322, 324–25 (6th Cir. 2010); Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005); Ross v. Cnty. of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)). The rationale for this rule is that "when a state

treats a filing as timely and resolves it on the merits, . . . the grievance has served its function of alerting the state and inviting corrective action." Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004). While the Ninth Circuit has not decided this specific issue, district courts in the Ninth Circuit have followed the rule. See Rodenhurst v. State of Hawai'i, No. 08–00396 SOM–LEK, 2009 WL 2365433, at *5 n. 6 (D. Hawai'i July 30, 2009) (noting that defendants waived their challenges to certain grievances based on technical defects where they nevertheless processed the technically defective grievances); Bradley v. Williams, No. 07–1870 HU, 2009 WL 198014, at *2 (D. Or. Jan. 23, 2009) ("[T]his court finds that defendants waived their right to reject plaintiff's grievance by responding to the defective grievance and then responding to both appeals of the grievance.") Davis v. Abercrombie, No. 11-00144-LEK BMK at *11 (D. Hawai'i, April 11, 2013) (deciding that by nevertheless reviewing the plaintiff's procedurally defective Informal Grievance and issuing a decision on the merits, the prison waived its right to raise an exhaustion defense as to the grievance); Zedeno v. Macias, No. 1:12-cv-00218-EJL, at *3 (D. Idaho, August 26, 2013) ("Exhaustion under the PLRA is mandatory *to the extent* of the jail's grievance policy. See Jones, 549 U.S. at 218 ('[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.'")).

Because Plaintiff's SATF appeal concerned the incidents at issue in this action and served to notify prison officials of Plaintiff's claims in this action, and the prison processed the appeal through the final, Director's Level of review, the court finds that Plaintiff exhausted his remedies with the SATF appeal for his claims against defendants Chen and Patel, and therefore Defendants' motion to dismiss should be denied.

## V.   CONCLUSION AND RECOMMENDATION

Defendants met their initial burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with inmate appeal procedures pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against defendants Chen and Patel in this action. However, Plaintiff has shown that he exhausted all the remedies made available to him for

///

those claims.  Therefore, defendants Chen and Patel are not entitled to dismissal of the claims against them, and their motion to dismiss should be denied.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants Chen and Patel's motion to dismiss for failure to exhaust remedies, filed on August 22, 2013, be DENIED.

These Findings and Recommendation will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 13, 2013**                              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE