1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME WHITE,                                    1:11-cv-00047 AWI GSA (PC)

12                 Plaintiff,

13          v.                                        ORDER DENYING MOTION FOR
                                                      APPOINTMENT OF COUNSEL
14   PATEL, et al.,
                                                      (Document# 44)
15                 Defendants.

16

17          On April 23, 2014, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18   does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

19   F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

20   pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

21   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

27   of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

In the present case, plaintiff argues that he is housed in an outpatient facility for mentally disturbed persons and has no reasonable way to obtain counsel.  This does not make plaintiff's case exceptional.  This court is faced with similar cases daily.  While the court has found that plaintiff states cognizable claims for inadequate medical care under the Eighth Amendment, this finding is not a determination that plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that plaintiff is likely to succeed on the merits.  Plaintiff's medical claims do not appear complex, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 24, 2014**            **_/s/ Gary S. Austin_**
UNITED STATES MAGISTRATE JUDGE

2