UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WHITE,<br><br>         Plaintiff,<br><br>    vs.<br><br>PATEL, et al.,<br><br>         Defendants. | 1:11-cv-00047-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.     BACKGROUND**

Jerome White ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the First Amended Complaint, filed on March 12, 2012, against defendants Dr. Patel, Dr. Chen, Dr. Raman,[1] and RN M. Thompson (collectively, "Defendants"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 14.)

**II.    FINDINGS**

On June 9, 2014, the court issued an order requiring Defendants to respond to Plaintiff's request for a settlement conference. (Doc. 48.) The order was served upon Plaintiff at his last

---

[1] Plaintiff spelled this defendant's name "Ramon" in the First Amended Complaint. (Doc. 14.) However, this defendant has appeared in this action using the spelling "Raman." (Doc. 51.)

known address at California State Prison-Sacramento in Represa, California.  (Id., notice of electronic filing.)  On June 17, 2014, the United States Postal Service returned the Order as undeliverable.  (Court Docket.)  A notation on the envelope indicated that the mail was "Not Deliverable as Addressed – Unable to Forward."  (Id.)  Plaintiff has not notified the court of any change in his address.[2]  Absent such notice, service at a party's prior address is fully effective.  Local Rule 182(f). Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 183(b) provides:

> "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than sixty-three days have passed since Plaintiff's mail was returned and he has not notified the court of a current address.[3]

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Omstead v. Dell, 594 F.3d 1081, 1084 (9th Cir. 2010).  The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since January 11, 2011.  The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a

---

[2] Plaintiff did, however, indicate on May 12, 2014 that he was due to be paroled in approximately fifteen days.  (Doc. 47.)

[3] The court's scheduling order, issued on July 16, 2014 and served upon Plaintiff at his last-known address, was also returned to the court on August 7, 2014 as undeliverable, with the notation "RTS."  (Court Record.)

presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228-29 (9th Cir. 2006).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

### III.     RECOMMENDATIONS

Based on the foregoing, the court HEREBY RECOMMENDS that this action be DISMISSED without prejudice, based on Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 13, 2014**                **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE