UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WHITE,<br><br>        Plaintiff,<br><br>   vs.<br><br>DR. PATEL, et al.,<br><br>        Defendants. | 1:11-cv-00047-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(ECF No. 63.) |

**I.    RELEVANT PROCEDURAL HISTORY**

Jerome White ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 11, 2011. (ECF No. 1.) On October 23, 2014, Defendants' motion to dismiss this case was granted, for Plaintiff's failure to prosecute and failure to apprise the court of his current address. (ECF No. 60.)

On March 8, 2017, Plaintiff filed a motion to reopen the case. (ECF No. 63.) Plaintiff asserts that just before he paroled on July 11, 2014, he attended a settlement conference where he provided defense counsel with a forwarding address so he could be contacted about a settlement of this case. Plaintiff attests that he was never contacted, and he was unaware of his responsibility to provide his new address to the court. Plaintiff asserts that he believed that by providing the address to defense counsel, he had fulfilled his obligation to the court. Plaintiff asserts that when he was released on parole, he was limited to 50-mile radius that prevented him from appearing at the court. Plaintiff is now re-incarcerated and seeks to reopen this case and continue settlement negotiations.

1

## II. MOTION FOR RECONSIDERATION

The Court construes Plaintiff's motion to reopen this case as a motion for reconsideration of the court's order dismissing the case for failure to prosecute.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

This case was dismissed more than two years ago. Plaintiff's argument that he was not aware of his obligation to notify the court of his current address is not persuasive. Plaintiff was advised in the court's First Informational Order, filed on January 13, 2011, as follows:

> A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f). If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice. Id. If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it. <u>If the address is not updated within sixty days of the mail being returned, the action sill be dismissed for failure to prosecute.</u> Local Rule 183(b). A Notice of Change of Address form is attached hereto.

(First Informational Order, ECF No. 3 ¶11.)

Moreover, between March 21, 2013, and April 14, 2014, Plaintiff filed seven notices of change of address at the court. (ECF Nos. 17, 22, 25, 31, 32, 36, 42.) Plaintiff specifically requested the court to serve him with all court documents at the new addresses, indicating that at that time, Plaintiff was interested in pursuing this case. However, Plaintiff admits that while he was on parole, he did not attempt to communicate with the court or find out what was happening in his case. It was not until years later, after Plaintiff was re-incarcerated, that he again took interest in litigating this case.

The court finds that Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on March 8, 2017, is DENIED.

IT IS SO ORDERED.

Dated: __April 24, 2017__  _____
                                      SENIOR DISTRICT JUDGE